IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Nicholas Denard Partridge,** | CASE NO. 1:25 CV 730 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | |
| **Judge Brian Corrigan,** | <u>MEMORANDUM OPINION</u> <u>AND ORDER</u> |
| Defendant. | |

## I. Background

This is a *pro se* and *in forma pauperis* action filed by Plaintiff Nicholas Denard Partridge, a Georgia resident, against Cuyahoga County Court of Common Pleas Judge Brian Corrigan. (Doc. No. 1.) Plaintiff's complaint is convoluted and unclear, but in it, he complains that Judge Corrigan wrongly dismissed a lawsuit he filed in state court against a dentist named Nicholas Partridge, who Plaintiff contends fraudulently stole his identity. Plaintiff seeks damages against Judge Corrigan. (*Id.* at 3, "Claim.")

## II. Standard of Review and Analysis

Federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to survive a dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face. *Id.* (holding that standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissal for failure to state a claim under § 1915(e)(2)(B)).

The Court finds that Plaintiff's complaint warrants *sua sponte* dismissal pursuant to § 1915(e)(2)(B).

Plaintiff filed a prior lawsuit in this district against Judge Corrigan on the same basis and circumstances he asserts here. *See Partridge ry v. Jones*, No. 1: 22 cv 1573, 2022 WL 17582578 (N.D. Ohio Dec. 12, 2022) (Pearson, J.). Plaintiff's prior action was dismissed for failure to state a claim under § 1915(e)(2)(B) for multiple reasons, including on the basis that judges are absolutely immune from suits for money damages based on decisions they make in a case, and under the doctrine of res judicata, which prevents a plaintiff from filing a lawsuit in federal court arising from the same events and occurrences as a state action that was decided on the merits. *See id.* at *3 ("When one court has already resolved the merits of a case, another court will not revisit them.").

This action by Plaintiff against Judge Corrigan is likewise barred res judicata. "Res judicata bars a subsequent action between the same parties or their privies based upon the same claims or causes of action that were or could have been raised in a prior action." *Burton v. Cleveland Ohio Empowerment Zone*, 102 F. App'x 461, 463 (6th Cir. 2004) (citations omitted). Under federal law, a case dismissed under § 1915(e) has preclusive effect in a subsequent *in forma pauperis* suit concerning the same facts. *See, e.g., Clemons v. Ohio Bureau of Workers' Comp.*, No. 17-4092, 2018 WL 1845871, at *1–2 (6th Cir. Mar. 8, 2018) (affirming dismissal of

subsequent *in forma pauperis* action based on prior dismissal under § 1915); *Burton*, 102 F. App'x at 463 (similar).

Plaintiff's prior case against Judge Corrigan was dismissed under § 1915(e). The prior dismissal precludes Plaintiff from reasserting claims against the Judge here. *See, e.g., Clemons*, 2018 WL 1845871, at *1. Even if Plaintiff's present pleading adds new or different allegations, this action clearly arises out of the same underlying transaction or occurrence and could have been raised in his prior case. *See id.* at *2; *Burton*, 102 F. App'x at 463.

Further, Plaintiff's complaint in this case warrants dismissal for the same reasons his prior complaint against Judge Corrigan was dismissed.

### III. Conclusion

Accordingly, Plaintiff's motion to proceed *in forma pauperis* in this case (Doc. No. 2) is granted, and his complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: June 27, 2025